## TOOHEY v SIMMONS et

Ohio Appeals, 1st Dist, Hamilton Co

No 5920. Decided Feb 28, 1941

George S. Hawke, Cincinnati, for appellant.

Matthews & Matthews, Cincinnati, for appellee, The Ohio State Life Ins. Co.

### OPINION

By HAMILTON, J.

This appeal is from an order of the Court of Common Pleas, overruling the

motion of the appellant to set aside the confirmation and sale of certain real estate.

The error assigned is that the sheriff in re-appraising the property did so in a manner not in conformity with the order of Court ordering the re-appraisement of the property. It is urged that the sheriff in making the re-appraisement selected three new appraisers to make the new appraisement, in violation of the order of Court, which was "that a re-appraisement be made by the same persons."

The sheriff in making the re-appraisement selected three new appraisers, who made the appraisement and the sheriff made the return of the appraisement under the value placed by the three new appraisers.

The question is. was that such an irregularity · as would invalidate the sale?

The appellee moves to dismiss the appeal for the reason that the order appealed from is not a final order, from which an appeal can be taken.

If the sale is invalid, it does involve a substantial right, and █ would be a finality in so far as the sale of the property is concerned.

The motion to dismiss the appeal will be overruled.

The question as to the regularity of the appraisement involves §§11672, 11711 and §11688 GC.

Sec. 11672 GC, provides, among other things, that in making the appraisement, "the officer who makes the levy shall call an inquest of three disinterested freeholders, residents of the county where the lands taken in execution are situated, * * *"

This section specifically authorizes the officer making the levy to select the appraisers, and gives no right to the court to make any such selection.

Sec. 11711 GC, provides in case of new appraisement, that "the court from which the order of sale issued, on motion of the plaintiff or defendant, shall order a new appraisement, and also may order that the land be sold as follows:" Then the section provides the method of payment under the sale on the re-appraisement. It nowhere provides that the court is to select the appraisers for the re-appraisement.

Sec. 11688 GC, provides for the confirmation and deed, and provides, among other things: "on careful examination of the proceedings of the officer, if the court finds that the sale was made, in all respects, in conformity to the provisions of this title, it shall direct the clerk to make an entry on the journal that the court is satisfied of the legality of such sale, and that the officer make the purchaser a deed for the lands and tenements."

Under the provisions of these statutes, which place the only power █ er and authority to select the appraisers as provided for in §11672 GC, which must be read in connection with §11671 GC, upon re-appraisement, the court order in so far as it provided "that a re-appraisement be made by the same persons as originally appraised the same" was without authority of law. However, since the re-appraisement by the sheriff was in conformity to law, no irregularity can be based upon that proposition. Moreover, as provided by §11688 GC, the court found that the sale was made in all respects in conformity with the provisions of this Title, and approved, and confirmed the same. If it were necessary, this would be a waiver of the court's suggestion to the selection of appraisers on re-appraisement, which, in his discretion he had the power to do.

We find no irregularity in the proceeding, and the order of confirmation and sale of the real estate, to which this appeal is directed, was in conformity with law.

The court did not err in overruling the motion to set aside the confirmation and sale. The judgment in each is affirmed.

ROSS, J., concurs.
MATTHEWS, PJ., not participating.